IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILL CREEK COUNTRY CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 1971 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| EVERGREEN ALLIANCE GOLF LTD., LP, | ) | |
| PREMIER GOLF MGMT, INC. and | ) | |
| PREMIER GOLD EAGL, G.P, LLC, | ) | |
| (collectively "Evergreen" or "Arcis"), | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 30, 2021, the plaintiff filed a motion to supplement the expert report of Roger Stewart that Mr. Stewart provided on December 18, 2020. [Dkt. #98]. For the following reasons, the motion is denied.

First of all, the plaintiff's motion is skeletal and unsupported by any citations to pertinent authority. In the vernacular of the case, itself, it's an empty golf bag: no woods, no irons, no putter. That's reason enough to deny the motion. As the Seventh Circuit has stressed "perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704 (7th Cir. 2022). *Accord Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022)("We have made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived."); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[T]his court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). But, it's not the only reason. There is more.

The deposition of Mr. Stewart regarding his Report took place on February 5, 2021. Expert discovery – all of it, as suggested by the parties – closed on May 14, 2021. [Dkt. ##83, 84, 90]. So, it would seem that plaintiff's motion comes about two and a half months too late. But, the plaintiff points out the Judge Gettleman has never set a trial date in this four-year-old case [Dkt. #98, Par. 10] and explains that it has been continuing to make repairs to the golf course that this lawsuit is about and, so, incurring additional damages. [Dkt. #98, Par. 1]. And, in turn, that those additional damages have resulted in more analysis from Mr. Stewart. [Dkt. #98, Par. 1].

So, we have a predicament. The deadline for supplementing expert reports would be 30 days before trial, pursuant to Fed.R.Civ.P. 26(a)(3)(B) and 26(e)(2). Without a trial date, supplementation could go on indefinitely, with a deposition to update things every month or two. While the applicable rules envision a Scheduling Order under Fed.R.Civ.P. 16(b)(2) – here it would have had to have been entered 60 days after the defendant appeared or May 21, 2019. *See* Fed.R.Civ.P. 16(b)(2)("The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.") – he doesn't have to set a trial date in that Order. Fed.R.Civ.P. 16(b)(3)(B)(vi). There may be any number of reasons why Judge Gettleman has not set a trial date or why the parties have not moved for one. But, one thing is clear: with discovery completed over two and a half years ago, it was time for the substantive portion of this case to tee off – so to speak. All that was needed was a "tee time." The inevitable result of no trial date – endless expert discovery and potentially accumulating damages – hardly seems fair to the other side. It's also a wasteful use of judicial resources: discovery without end in one case takes time away from the many other cases in the queue. *See Chicago Observer, Inc. v. City of Chicago*, 929

F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.").

So, expert discovery can't go on forever – either as a matter of interpretation of the Federal Rules of Civil Procedure or as a matter of practicality and common sense. "All good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks*, 513 F.3d 228, 238 (5th Cir. 2008). That's why a deadline for *all* expert discovery to end was set. It was a date the parties, including the plaintiff, agreed upon – May 14, 2021. Once expert discovery ended, it was incumbent upon one or both of the parties to get the case to the next step. Neither one did and, so, things are a bit of a mess. But, by any clock or calendar, the plaintiff's motion came too late.

To top it all off, the plaintiff's motion doesn't provide anything that would amount to a showing that its failure to follow the schedule here was "substantially justified." *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019); *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). Indeed, the plaintiff was a bit surreptitious about what it was up to: at his deposition in February 2021, Mr. Stewart testified that, while he had considered new information since issuing his Report, it did not change his opinion. [Dkt. #94-2, at 11]. Plaintiff did not mention any additional work or provide supplementation in its April 23, 2021 disclosures. [Dkt. #101-2]. Plaintiff did not inform the court of any ongoing or supplementary expert discovery at status hearings in May or June of 2021. [Dkt. ##87, 90]. So, we have an unsupported expert discovery motion, filed more than two months after the close of expert discovery, that provides no justification for its tardiness. Obviously, such a motion should be denied, and it is.

3

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 4/7/23