IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILL CREEK COUNTRY CLUB, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-1971 |
| v. | ) ) ) | Judge Jeffrey I. Cummings |
| EVERGREEN ALLIANCE GOLF LIMITED, L.P., PREMIER GOLF MANAGEMENT, INC., and PREMIER GOLF EAGL G.P., LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court has reviewed the deposition designations of Paul Ruby and the parties' objections thereto and orders as follows.

**Evergreen's Objections:**

**Questions 84-93 and Accompanying Exhibit 50**

- Evergreen's objections to questions 84-87 and exhibit 50 referenced therein are sustained. Neither exhibit 50 nor Ruby's answer to question 87 have a sufficient foundation for the assertion that the golf course conditions at Mill Creek were not comparable to Orchard Valley and the other unspecified courses listed in the lease. Moreover, as exhibit 50 itself suggests, the question of the comparability of the respective courses will be the subject of expert testimony.

- Evergreen's objections to questions 88-93 are overruled as they are rationally based on Mr. Ruby's personal perceptions.

**Questions 130-133**

- Evergreen's objection to question 130 is sustained as it calls for improper expert opinion from Ruby (a lay witness).

- Evergreen's objection to question 131 is overruled. Mr. Ruby can provide a lay opinion that is rationally within his perception about the differences between Mill Creek and Tanna Farms that he personally observed.

- Evergreen's objection to questions 132 and 133 are sustained as Mr. Ruby's testimony is not "rationally based" on his personal observations under Rule 701, but instead is based on pictures taken by Mr. Dempsay and what Mr. Dempsay "told" him.

**Mill Creek's Objections:**

- Mill Creek's objections to questions 3-9, 15-21, 35-55, 62-69, and 72-86 (as "not impeaching, cumulative, [and] waste of time") are overruled.[1]

- Mill Creek's objections to questions 56-58 as improper hearsay are overruled. In his answers to these questions, Mr. Ruby admits that an email from Mr. Oliver (defendant's former CEO/COO) dated August 7, 2017, contains certain statements regarding the transition of the Mill Creek property back to Mill Creek in 2018. Evergreen intends to use Mr. Ruby's answers against Mill Creek as admissions of a party opponent and they are permitted to do so under Federal Rule of Evidence 801(d)(2).

**Date: June 18, 2024**

_Jeffrey I. Cummings_ (signature)

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[1] The Court notes that the version of the transcript of provided to the Court does not include the witness's answers to a number of these questions. But Mill Creek's objections are to the questions themselves and the Court presumes that the witness answered those questions in full and that those answers will be properly presented to the jury.